**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Davon Chadewick White,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>City of New York, et al.,<br><br>　　　　　Defendants. | No. CV-26-00844-PHX-KML<br><br>**ORDER** |

Plaintiff Davon Chadewick White filed a complaint and an application for leave to proceed in forma pauperis. (Docs. 1, 2.) White is entitled to proceed in forma pauperis but granting that application allows the court to determine whether the complaint states any claims on which he might be able to obtain relief. 28 U.S.C. § 1915(e)(1). It does not.

White is attempting to pursue a "loss of sepulcher" claim based on the "loss of [his] spouse," Cardice Montgomery. (Doc. 1-1 at 2.) White and Montgomery were married and lived in New York City at some point in their relationship. White alleges "the New York City government" knew of this relationship because the government kept a "history of our break ups and get back togethers." (Doc. 1-1 at 6.) On an unidentified date, White and Montgomery were both living in New York City, but not together, when White received a call from one of Montgomery's sisters informing White that Montgomery had died. (Doc. 1-1 at 6, 10.) White believes he was listed as Montgomery's next of kin, so New York City and "its agencies failed at the legal thing to do at the death of a married person." (Doc. 1-1 at 12.) That is, White believes he should have been notified of Montgomery's death

before anyone else. (Doc. 1-1 at 10.) White then had "to call the examiner's office for updates on his autopsy," instead of government personnel contacting White. (Doc. 1-1 at 10.)

Based on these events, White filed this suit against New York City and the New York City Office of Chief Medical Examiner. White seeks $500 million in damages. (Doc. 1 at 4.) Based on the allegations in the complaint, the court does not have personal jurisdiction over either defendant and the complaint must be dismissed.

"Where an in forma pauperis Complaint lacks an arguable basis in either law or fact pertaining to personal jurisdiction, it must be dismissed sua sponte as frivolous." *Jones v. Riker's Island Dep't of Correction, New York*, No. 1:25-CV-00261-DCN, 2025 WL 2412091, at *1 (D. Idaho Aug. 20, 2025) (simplified). When there is "no applicable federal statute [that] confers personal jurisdiction upon" this court, the court must look to Arizona law. *Briskin v. Shopify, Inc.*, 135 F.4th 739, 750 (9th Cir. 2025). Under Arizona law, the court has "personal jurisdiction over a nonresident defendant" if that defendant has "certain minimum contacts with [Arizona] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* (simplified); *Harrington v. Cracker Barrel Old Country Store, Inc.*, 142 F.4th 678, 686 (9th Cir. 2025) ("The Arizona long-arm statute is co-extensive with the limits of federal due process under the Fourteenth Amendment.") (simplified).

"There are two forms of personal jurisdiction that a forum state may exercise over a nonresident defendant—general jurisdiction and specific jurisdiction." *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008). There are no factual allegations showing defendants have "substantial, continuous, and systematic" contacts with Arizona such that general jurisdiction might exist. *Briskin*, 135 F.4th at 750. As for specific jurisdiction, the court must apply a three-part test when determining if it exists:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Id.* at 750-51. White provides no allegations establishing any of these requirements.

The complaint alleges White and Montgomery were both in New York City when Montgomery died. And White was still in New York City when officials allegedly failed to contact him regarding Montgomery's death. Neither New York City nor the Office of the Medical Examiner is alleged to have directed any actions towards any individual in Arizona. White's claims do not arise out of any Arizona-based activities. And it would not be reasonable to require either New York City or the Office of Chief Medical Examiner to defend claims in Arizona.

Given the facts alleged in the complaint, White would not be able to allege any additional facts making personal jurisdiction possible. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (leave to amend can be denied based on futility).

**IT IS ORDERED** the Application (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** the Motion to Redact (Doc. 5) is **GRANTED** and the Motion to Redact (Doc. 6) is **DENIED AS MOOT**. The Clerk of Court shall place under seal the document filed at Doc. 1-2. This order shall not be sealed.

**IT IS FURTHER ORDERED** the Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court shall enter judgment and close this case.

Dated this 12th day of February, 2026.

_____
Honorable Krissa M. Lanham
United States District Judge